UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIS MASON, CDCR #K-04173,<br><br>                       Plaintiff,<br><br>            vs.<br><br>SCOTT KERNAN, Secretary of the Department of Corrections; RAYMOND MADDEN, Warden at Centinela State Prison; G. HOPPER, Lieutenant at Centinela State Prison,<br><br>                       Defendant. | Case No.: 3:19-cv-00388-DMS-WVG<br><br>**ORDER:**<br><br>**1) VACATING ORDER AND JUDGMENT (ECF Nos. 6, 7); and**<br><br>**2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

**I.    Procedural History**

On February 25, 2019, ARIS MASON ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. In

addition, Plaintiff submitted a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 3.

The Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DIMISSED his Complaint for failing to state a claim upon which relief could be granted. *See* Doc. No. 5. Plaintiff was given forty-five (45) days leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 12. However, Plaintiff failed to file an amended pleading in that time frame. Therefore, the Court DISMISSED the entire action for failing to state a claim and for failing to prosecute in compliance with a Court Order requiring amendment. *See* Doc. No. 6.

Plaintiff has now filed a First Amended Complaint ("FAC") which is untimely but the Court permitted the pleading to be filed. Accordingly, the Court now VACATES the July 15, 2019 Order dismissing the action for failing to prosecute and will conduct the required sua sponte screening of Plaintiff's FAC.

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

On October 31, 2017, CEN Correctional Officer Martinez,[1] along with another correctional officer, "conducted a pruno cell search sweep" when he purportedly "detected a strong odor or alcohol" coming from Plaintiff's cell. *See* FAC at 11. Martinez searched Plaintiff's cell where he "discovered a large plastic bag under the desk containing approximately 2 gallons of inmate manufactured alcohol." *Id.* The liquid was "orange in color with pieces of fermented fruit and bread and had a strong pungent odor of alcohol." *Id.* Martinez "maintained possession of the inmate manufactured alcohol" and "completed the search with negative results to any other contraband." *Id.* Plaintiff alleges "after the search, [Martinez] disposed [of] the inmate manufactured alcohol per

---

[1] Martinez is not a named Defendant.

Centinela State Prison procedures." *Id.*

Plaintiff maintains that CDCR regulations require correctional officers to "fill out a search slip" which includes a list of "items and contraband confiscated" and provide this "search slip" to the inmate. *Id.* at 12. In addition, CDCR regulations also purportedly require that a "field test" of the liquid confiscated must be "conducted by a trained official no less then the rank of a sergeant." *Id.*

A "rule violation hearing" was conducted on October 12, 2017. *Id.* Lieutenant G. Hopper, a named Defendant, was the designated "Senior Hearing Officer." *Id.* Plaintiff argued during this hearing that "Martinez got [Plaintiff's] cell mixed up with some other cell he must have found the substance in." *Id.* Additionally, Plaintiff maintained that Martinez failed to issue a "cell search slip" and he "threw the substance away in the toilet before a field test could be conducted by program sergeant which is required by CDCR procedures." *Id.*

Hopper "recommended that [Plaintiff] be removed from his industry job in textile which he was earning a wage of about $140 a month." *Id.* The classification committee "confirmed the recommendation over [Plaintiff's] objection." *Id.* Plaintiff "appealed the decision" to Warden Madden and to Secretary Kernan. *Id.* at 13. However, Warden and Kernan "through designated employees deliberately denied the grievance." *Id.*

C. <u>Fourteenth Amendment—Due Process</u>

To the extent Plaintiff alleges Defendant Hopper violated his due process rights by presiding over his disciplinary hearing which resulted the loss of his prison job, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a

plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

5

3:19-cv-00388-DMS-WVG

Plaintiff's due process claims require sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he allegedly suffered created a liberty interest sufficient to invoke *Wolff's* procedural safeguards. Plaintiff claims that he lost his prison job and corresponding wages as a result of the disciplinary conviction. *See* FAC at 12. However, the Ninth Circuit has consistently held that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), and citing *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985)

Based on these allegations, the Court finds that Plaintiff's FAC contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 484-85. Indeed, the temporary loss of privileges are "within the range of confinement to be normally expected for one serving [the underlying sentence]"). *Id.* at 487.

Accordingly, Plaintiff's Fourteenth Amendment due process claims are DISMISSED for failing to state a claim upon which relief may be granted.

D.   Eighth Amendment – Cruel and Unusual Punishment

To state an Eighth Amendment claim based on a deprivation of humane conditions of confinement, Plaintiff must allege facts sufficient to satisfy two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Iqbal*, 556 U.S. at 678. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-

300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citation omitted). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotations omitted). "[A]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).

Plaintiff's FAC "must contain sufficient factual matter" to demonstrate that Defendants acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw the inference." *Id.*

Plaintiff alleges that the decision to "remove [Plaintiff] from his job assignment and take his pay" constitutes "cruel and unusual punishment." FAC at 14. But this is merely a "label and conclusion" insufficient to state a plausible claim for relief under *Iqbal*, 556 U.S. at 678 (citation omitted). And the withdrawal or suspension of a privilege, as opposed to the deprivation of a "basic human need," like food, clothing, shelter, medical care, or personal safety, *see Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 833, is not generally "sufficiently grave to form the [objectively serious] basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298.

Accordingly, Accordingly, Plaintiff's Eighth Amendment claims are DISMISSED for failing to state a claim upon which relief may be granted.

E. <u>Personal causation</u>

Plaintiff's only allegations as to Defendants Madden and Kernan are Plaintiff's claims that they "designated employees" to respond to his administrative grievances.

FAC at 13. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against either Defendant Madden or Kernan because he has failed to allege facts regarding what actions were taken or not taken by these Defendants that made them actually aware of Plaintiff's alleged constitutional deprivations. Therefore, the Court DISMISSES Defendants Madden and Kernan for failing to state a claim upon which relief may be granted.

F. <u>Leave to Amend</u>

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has

8

subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Order

For the reasons discussed, the Court:

1) **VACATES** the Court's July 15, 2019 Order and Clerk's Judgment (Doc. Nos. 6,7);

2) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: August 12, 2019

Hon. Dana M. Sabraw
United States District Judge